UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 23-cv-10067-BLOOM

BERNARD AURICE GREEN,

    Plaintiff,
v.

MONROE COUNTY
DETENTION FACILITY, *et al.*,

    Defendants.
    _____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court upon a review of *pro se* Plaintiff Bernard Aurice Green's ("Plaintiff") Complaint, ECF No. [1], docketed on August 15, 2023. Plaintiff filed a Motion for Leave to Proceed *in Forma Pauperis*. ECF No. [3].

Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. section 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (alterations added).

Moreover, "a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (citations omitted).[1] This includes the inherent power to dismiss a case, *see id.*, and it includes the power to dismiss a case *sua sponte* when the plaintiff fails to comply with procedural rules. *See Hanna v. Florida*, 599 F.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit rendered before October 1, 1981.

App'x 362, 363 (11th Cir. 2015) (citing Fed. R. Civ. P. 41(b)); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49 (1991)). Upon a review of the Complaint, the Court concludes it must be dismissed because it is a shotgun pleading that violates the Federal Rules of Civil Procedure.

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (alteration adopted; other alteration added; citation and quotation marks omitted).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Plaintiff's Complaint is a "shotgun pleading" that fails to meet the foregoing standards — even under the relaxed pleading standard afforded to *pro se* litigants. There are four types of shotgun pleadings that violate Rule 8(a), Rule 10(b), or both:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint

> that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (alteration added; footnote call numbers omitted). The "unifying characteristic" of shotgun pleadings is they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (footnote call number omitted). The Complaint falls under the second category of shotgun pleadings because it is supported by vague and conclusory allegations. *See Weiland*, 792 F.3d at 1322. While Plaintiff does not explicitly state which claims he is raising, the Court construes the Complaint as raising claims of deliberate indifference to health and safety, deliberate indifference to serious medical needs, and First Amendment retaliation. *See* ECF No. [1] at 2-4. However, Plaintiff supports these construed claims by making conclusory and vague allegations, and such allegations do not give the Court the information it requires to determine whether Plaintiff has plausibly alleged a constitutional claim against any named defendant.

Additionally, the Complaint falls under the fourth category of shotgun pleadings because it names multiple defendants but fails to specify "which of the defendants are responsible for" the alleged violations of Plaintiff's constitutional rights. *Id.* In the Complaint, Plaintiff names four defendants, but, in his statement of the claim, Plaintiff, in all but one instance, only identifies the "defendant" as being responsible for his injuries. ECF No. [1] at 2-4.

As such, the Complaint "fail[s] . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests[,]" *id.* 1323 (alteration added; footnote call number omitted), and, therefore, must be dismissed.

Case No. 23-cv-10067-BLOOM

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This action is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, **ECF No. [3]**, is **DENIED AS MOOT**.

3. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 18, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Bernard Aurice Green
22006814
Monroe County Jail
Inmate Mail/Parcels
5501 College Road
Key West, Florida 33040